UNITED STATES of America,
Plaintiff–Appellee,

v.

Welton WHEELER, Defendant–Appellant.

No. 06–50251.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 12, 2007.

---

Becky S. Walker, Esq., Jeffrey Backhus, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Richard Levy, Esq., Attorney at Law, Torrance, CA, for Defendant–Appellant.

Before: REINHARDT, BEEZER and KOZINSKI, Circuit Judges.

## MEMORANDUM *

**1.** The district court's failure to provide the co-conspirator cautionary instruction sua sponte was not plain error—if it was error at all—because it was not "so clear-cut, so obvious, [that] a competent district judge should be able to avoid it without benefit of objection." *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir.1997). Nor did the alleged error affect substantial rights or the fairness, integrity and public reputation of the judicial proceedings. *See United States v. Jordan*, 256 F.3d 922, 926 (9th Cir.2001).

---

* This disposition is not appropriate for publication and is not precedent except as provided

**2.** To the extent the district court erred in cross-examining defendant, any such error was harmless. *See United States v. Pena–Garcia*, 505 F.2d 964, 967 (9th Cir.1974) (effect must be "so pervasive and prejudicial as to require a new trial"). The evidence presented at trial regarding defendant's guilt was overwhelming, and the district court instructed the jury not to read anything into what the court may have said or done. That the jury spent part of two days deliberating and reviewed several pieces of evidence falls far short of showing that any error was prejudicial.

**AFFIRMED.**

REINHARDT, Circuit Judge, concurring in part and concurring in the judgment:

I agree that the district court's failure to provide the cautionary instruction was not plain error. I would hold unequivocally, however, that the district court erred in taking on "the task of the prosecution" by cross-examining Wheeler in a manner that had the effect of impeaching his credibility. *See United States v. Pena–Garcia*, 505 F.2d 964, 967 (9th Cir.1974); *see also United States v. Allsup*, 566 F.2d 68, 72–73 (9th Cir.1977). The district judge's questions were not designed to clarify the evidence, but to "elicit answers favorable to the Government." *See United States v. Harris*, 501 F.2d 1, 10–11 (9th Cir.1974). I do not believe that my colleagues would disagree with my legal conclusion. In any event, because I agree that the error was harmless due to the overwhelming evidence of Wheeler's guilt, I concur in the majority's judgment.